FAEGRE DRINKER BIDDLE & REATH LLP
Andrew S. Ayala (SBN 332261)
andrew.ayala@faegredrinker.com
Joel M. Hammerman (*Pro Hac Vice*)
joel.hammerman@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone:  +1 310 203 4000
Facsimile:   +1 310 229 1285

Attorneys for Petitioner
CACTIL, LLC d/b/a MYCHARGEBACK.COM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CACTIL, LLC d/b/a MYCHARGEBACK.COM,<br><br>             Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | Case No. 3:24-cv-01270-LL-AHG<br><br>Hon. Linda Lopez, District Judge<br>Hon. Allison H. Goddard, Magistrate Judge<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL THE APPLICATION OFFERED IN SUPPORT OF A SEIZURE WARRANT [ECF No. 3]** |

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL THE APPLICATION
OFFERED IN SUPPORT OF A SEIZURE WARRANT
Case No. 3:24-cv-01270-LL-AHG

Cactil, LLC d/b/a MyChargeBack.com ("Cactil") hereby submits this memorandum in support of its Motion to Unseal the Application Offered in Support of a Seizure Warrant [ECF No. 3].

## I. THE COURT SHOULD ORDER THE WARRANT APPLICATION UNSEALED.

Cactil submits that the Court should order the return of its website pursuant to Rule 41(g) on the current record. The Court should also unseal the government's warrant application materials so that Cactil can challenge the probable cause for the government's clearly overbroad warrant.

Courts, including those within this Circuit, have held that individuals whose property has been seized have a pre-indictment, Fourth Amendment right of access to search warrant materials, including the affidavit offered in support of the warrant application in order to assert a challenge to the warrant and/or its scope. *See In re Searches & Seizures*, No. 08-SW-0361 DAD, 2008 WL 5411772, *3 (E.D. Cal. Dec. 19, 2008) (citing cases); *Matter of Search of 624 NE 2nd St., McMinnville, OR*, No. 3:17-MC-00588, 2019 WL 13074677, at *9 (D. Or. Jan. 25, 2019) ("If the Fourth Amendment is to have meaning, its protection must apply to citizens in those instances where the government searches and seizes their property before the government charges them with a crime."). As the court explained in *In re Search of Up North Plastics, Inc.*, "the Fourth Amendment requirement of probable cause is meaningless without some way for targets of the search to challenge the lawfulness of that search." 940 F. Supp. 229, 232 (D. Minn. 1996).[1]

---

[1] *See also In re Search Warrants Issued on Apr. 26, 2004*, 353 F. Supp. 2d 584, 587 (D. Md. 2004) (affirming that "there is a constitutional right under the Fourth Amendment to examine the affidavit in support of a search warrant after execution, that the government, not the target, must demonstrate compelling government interests in keeping the affidavit under seal, and that the government must demonstrate that no less restrictive means, such as redaction, is available to prevent disclosure.") (internal citations omitted); *Matter of Search of 624 NE 2nd St., McMinnville, OR*, 2019 WL 13074677, at *9 ("If the Fourth Amendment is to have meaning, its protection must apply to citizens in those instances where the

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

2
MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL THE APPLICATION OFFERED IN SUPPORT OF A SEIZURE WARRANT
Case No. 3:24-cv-01270-LL-AHG

The right to inspect a seizure warrant application is not absolute. However, the government must demonstrate a compelling interest that requires materials to be kept under seal and that there is no less restrictive means, such as redaction, capable of serving its confidentiality interests. *In re Searches & Seizures*, 2008 WL 5411772, at *4 ("The [government's] expression of . . . general and conclusory [investigatory] concerns . . . are insufficient to meet the government's burden of demonstrating a compelling government interest in continued sealing.").

The effect of the government's seizure has been to shutter Cactil's business operations. Without access to the warrant application materials, Cactil lacks the ability to show that the government's warrant is overbroad and thus violative of the Fourth Amendment's requirement that warrants be narrowly tailored to the probable cause offered in support of the warrant affidavit. The warrant application should therefore be unsealed.

## II.  CONCLUSION

For the foregoing reasons, Cactil respectfully requests the Court grant its Motion to Unseal the Application Offered in Support of a Seizure Warrant [ECF No. 3].

Respectfully submitted,

Dated:  August 13, 2024

*/s/  ANDREW S. AYALA*
ANDREW S. AYALA (332261)
JOEL M. HAMMERMAN
(IL Bar No. 6243071) *(Pro Hac Vice )*
**FAEGRE DRINKER BIDDLE & REATH, LLP**
1800 Century Park East, Ste. 1500
Los Angeles, California 90067
Telephone: (310) 500-2166
Facsimile: (310) 229-1285
andrew.ayala@faegredrinker.com
joel.hammerman@faegredrinker.com

*Attorneys for Petitioner*
CACTIL, LLC d/b/a MYCHARGEBACK.COM

---

government searches and seizes their property before the government charges them with a crime.").

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

3

MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL THE APPLICATION OFFERED IN SUPPORT OF A SEIZURE WARRANT
Case No. 3:24-cv-01270-LL-AHG