# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CACTIL, LLC d/b/a MYCHARGEBACK.COM,<br><br>                      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | Case No.: 3:24-cv-01270-LL-AHG<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE MOTION TO UNSEAL WARRANT APPLICATION (ECF No. 3);**<br><br>**(2) GRANTING MOTION TO UNSEAL SEALED LODGED PROPOSED DOCUMENTS (ECF No. 10); and**<br><br>**(3) DENYING AS MOOT MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 4)**<br><br>**[ECF Nos. 3, 4, 10]** |

## I. BACKGROUND

On July 22, 2024, Petitioner initiated this civil action under Federal Rule of Criminal Procedure 41(g), seeking the return of a website domain that was seized by the Federal Bureau of Investigation on June 25, 2024, pursuant to a seizure warrant signed by the undersigned Magistrate Judge in a related sealed criminal matter. ECF No. 1.

Among other relief sought in the 41(g) petition, Petitioner seeks to unseal the application for the seizure warrant in the sealed criminal matter. ECF No. 3 ("Motion to Unseal Warrant Application"). *See also* ECF No. 17 (separate memorandum in support of the Motion to Unseal Warrant Application). Additionally, to initiate this action, Petitioner was required by the Clerk of Court to file its Memorandum in Support of the 41(g) Petition and the attached exhibits under seal to protect against the disclosure of materials that are subject to the sealing order in the related criminal matter. *See* ECF Nos. 4, 5. Those materials are currently lodged under seal at ECF No. 5 in accordance with the Court's instructions. Following the required protocol for lodging the materials under seal, Petitioner also filed a Motion to Seal along with the lodgment. ECF No. 4. However, Petitioner does not agree that the Memorandum or its exhibits disclose any sealed information and has thus filed a separate Motion to Unseal those materials. ECF No. 10 ("Motion to Unseal Sealed Lodged Proposed Documents").

Respondent the United States of America (the "United States" or the "Government") opposes the motion to unseal the warrant application on the basis that there is no qualified right of public access to pre-indictment search warrant materials. ECF No. 20 at 25-27. Further, the Government argues that the fact its investigation in the underlying criminal matter is still ongoing is enough to establish a compelling interest in maintaining the warrant application under seal, and that permitting Petitioner to use Rule 41(g) as a discovery tool to uncover information regarding the factual basis of the criminal investigation into its company would exceed the bounds of the Court's civil equitable jurisdiction over the 41(g) petition in this action. *Id.* at 27-28. The Government did not take a position on the propriety of unsealing the Memorandum in Support of the 41(g) Petition.

*See generally* ECF No. 20.

On September 5, 2024, pursuant to an Order of the Court that the Government provide more detail regarding its asserted compelling interest in maintaining the warrant application under seal, and whether providing a redacted version of the application would adequately serve that compelling interest, the United States filed a Supplemental Brief in support of its opposition to Petitioner's Motion to Unseal Warrant Application. ECF No. 27.

For the reasons explained more fully below, the Court (1) **DENIES** the Motion to Unseal Warrant Application (ECF No. 3) **without prejudice**; (2) **GRANTS** the Motion to Unseal Sealed Lodged Proposed Documents (ECF No. 10); and (3) **DENIES as moot** the Motion to Seal (ECF No. 4).

## II. LEGAL STANDARD

It is well-settled that the public has no pre-indictment right of access to search warrants and affidavits under the First Amendment. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 (9th Cir. 1989). Courts recognize that the integrity and independence of pre-indictment criminal fact-finding proceedings are placed at risk by public disclosures, and the process of disclosing information to a neutral magistrate to obtain a search warrant "has always been considered an extension of the criminal investigation itself." *Id.* at 1213, 1214. Therefore, the information disclosed to the Magistrate Judge in a search warrant application is entitled to the same confidentiality as other aspects of the criminal investigation, and the Court's granting of a sealing order is "necessarily . . . highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Id.* at 1214.

Despite this well-established principle that the public has no right of access to pre-indictment search warrants, many courts distinguish between the *public* right of access inquiry that arises under the First Amendment, and the inquiry into whether the individual whose property is subject to the warrant should be afforded a right of access to pre-indictment warrant materials. *See, e.g., In re Searches & Seizures,* No. 08-SW-0361 DAD,

2008 WL 5411772, *3 (E.D. Cal. Dec. 19, 2008) (differentiating between the Ninth Circuit's determination in *Times Mirror Co.* that the media has no qualified First Amendment right of access to pre-indictment warrant materials and "the entirely different question of a property owner's abiding interest in challenging the reasonableness of the government's invasion of his property and/or privacy" grounded in the Fourth Amendment) (internal quotations and citation omitted); *In re Ares Armor, 206/208 N. Freeman St., Oceanside*, 687 F. App'x 622, 624-25 (9th Cir. 2017) (assuming without deciding that the target of an ATF investigation had a qualified pre-indictment Fourth Amendment right to examine the search warrant affidavit, but declining to unseal the application on the basis that the ATF met its burden to show a compelling governmental interest in keeping the names of the agents under seal to protect their safety and privacy); *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 299 (S.D. Ohio 1995) (finding that cases such as *Times Mirror Co.* "dealing with the alleged right of the media or the public to access sealed warrant documents [under the First Amendment] do not control the outcome of this case[,]" which "involves the right of the person whose home has been searched to see the documents which were used to obtain the search warrant and directly involves his rights under the Fourth Amendment[,]" and noting that such a distinction between First Amendment and Fourth Amendment rights is impliedly acknowledged in the *Times Mirror Co.* opinion itself by virtue of its rationale that "the privacy interest of the person whose home has been searched would be jeopardized if the public had access to the records.") (citing *Times Mirror Co.*, 873 F.2d at 1218).

Courts recognizing this important distinction between the public's First Amendment right of access to pre-indictment warrant materials and the right of access held by the target of a criminal investigation have explained that the latter right is rooted in the Warrant Clause of the Fourth Amendment, allowing an individual to inspect the probable cause affidavit leading to the warrant. *See In re Searches & Seizures*, 2008 WL 5411772, at *3; *In re Search Warrant for 2934 Anderson Morris Road*, 48 F. Supp. 2d 1082, 1083 (N.D. Ohio 1999). This Fourth Amendment right to pre-indictment access, however, is not

absolute. *Id.*; *In re Searches & Seizures*, 2008 WL 5411772, at *4. The target of an investigation's qualified right of pre-indictment access to search warrant affidavits related to the investigation can be overcome where a compelling governmental interest is demonstrated requiring that the materials be kept under seal, and there is no less restrictive means, such as redaction, capable of serving that interest. *Id.* The burden of proving a compelling interest falls on the government. *Id.* General assertions concerning the integrity of the early stages of an investigation are insufficient to meet this burden. *Id.* Rather, the government "must make a specific factual showing of how its investigation will be compromised by the release of the affidavit to the person who property was seized." *Matter of Up North Plastics, Inc.*, 940 F. Supp. 229, 233 (D. Minn. 1996). The *Up North Plastics* court specifically balanced the following factors when determining whether the "compelling interest" test had been met: "(1) the government's interest in secrecy to protect an ongoing investigation; (2) whether a *prima facie* showing of probable cause has been made; (3) whether the movant may reassert the claim, should the government's delay become unreasonable; and (4) the movant's entitlement to lawful possession of the items." *Id.* (citing *Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975) (considering these four factors in affirming the lower court's denial of a petition to return property under the precursor to Rule 41(g) and the related relief sought by the target of the investigation to examine the warrant affidavit)).

Courts have found this "compelling interest" test met where, for example, the government demonstrated that the safety and privacy of its agents would be jeopardized by disclosure. *In re Ares Armor*, 687 F. App'x at 624-25. Moreover, although the Seventh Circuit declined to find that the Fourth Amendment provides any fundamental pre-indictment right of access to sealed search warrant affidavits, the court found that the target of an investigation failed to demonstrate a "particularized need" to access sealed warrant affidavits where the consequences of disclosure included risks such as: (1) revealing the identities of unnamed subjects not yet charged, (2) creating mistaken notions concerning who might and might not be cooperating with the government or who may be subjects, (3)

creating misunderstandings about the parameters of the investigation, (4) threatening the privacy of the innocent and the implicated, and (5) compromising or influencing the cooperation of present and potential witnesses. *See Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 518-19 (7th Cir. 1996).

### III.  DISCUSSION

The Court will address the Motion to Unseal the Warrant Application before turning to Petitioner's Motion to Unseal Sealed Lodged Proposed Documents.

### A. Motion to Unseal Warrant Application

In its Supplemental Brief in support of its opposition to the Motion to Unseal the Warrant Application, the Government urges the Court not to recognize any qualified Fourth Amendment right to inspect the search warrant application on the part of Petitioner, on the basis that there is no binding authority from the Ninth Circuit or Supreme Court requiring the Court to do so. ECF No. 27 at 1-3. Rather, the Government continues to rely on the rule set forth in *Times Mirror Co.* that the First Amendment does not establish a qualified right of access to search warrant proceedings and materials while a pre-indictment investigation is ongoing, and contends that, "despite its imperfect fit," this rule "governs right of access generally." ECF No. 27 at 2; *see also Times Mirror Co.*, 873 F.2d at 1216. Therefore, the Government argues that it is not obligated to demonstrate a compelling governmental interest in order to defeat Petitioner's motion to unseal the warrant application and respectfully requests that the Court reconsider its stated inclination to analyze Petitioner's motion under the approach employed by courts that recognize a qualified Fourth Amendment right of access to sealed warrant materials held by the target of an investigation whose property has been seized, as distinct from the First Amendment interest implicated by denying public access to court records. ECF No. 27 at 2-3.

In support of this argument, the Government correctly notes that the Ninth Circuit expressly declined to decide the question of whether the target of an investigation has a pre-indictment Fourth Amendment right to examine a sealed search warrant affidavit in *In re Ares Armor*, 687 F. App'x at 624. However, although there is no binding authority

requiring the Court to find that Petitioner has a qualified pre-indictment Fourth Amendment right to inspect the warrant application supporting the seizure of its property, the Court finds persuasive the authority that has done so. *See, e.g.*, *United States v. Oliver*, 208 F.3d 211 (4th Cir. 2000) (unpublished table disposition); *In re Searches & Seizures*, 2008 WL 5411772 (E.D. Cal. Dec. 19, 2008); *In re Search Warrant for 2934 Anderson Morris Road*, 48 F. Supp. 2d 1082 (N.D. Ohio 1999); *Matter of Up North Plastics, Inc.*, 940 F. Supp. 229 (D. Minn. 1996); *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296 (S.D. Ohio 1995). Specifically, the Court agrees that there should be a distinction made between the interest of the public in accessing materials filed on the court docket—an interest that arises solely under the First Amendment—and the interests of those whose property has been subject to search or seizure by the Government to inspect the warrant materials underlying that governmental intrusion into their Fourth Amendment rights. Although many courts have found such a qualified Fourth Amendment right exists, the Court finds particularly instructive the in-depth discussion by the District Court of Maryland on the question in *In re Search Warrants Issued on Apr. 26, 2004*, 353 F. Supp. 2d 584, 587-91 (D. Md. 2004) (reviewing the text and history of the Fourth Amendment, the Supreme Court's historical interpretation of the purpose of the Fourth Amendment, and the historical practice surrounding federal search warrants to find that a search subject has a limited pre-indictment Fourth Amendment right to inspect the probable cause affidavit).

Moreover, to the Government's point regarding the absence of controlling authority, in the *In re Armes Armor* decision, the Ninth Circuit assumed without deciding that there was such a qualified Fourth Amendment right at stake. *See id.* ("To start, Lycurgan contends that it has a pre-indictment Fourth Amendment right to examine the search warrant affidavit, even if it was filed under seal. We need not decide that issue because, ***assuming the right exists***, Lycurgan concedes that it would be qualified, and the ATF met its burden to show a compelling governmental interest in keeping the names of the agents under seal.") (emphasis added). Therefore, the Court does not necessarily agree with the Government that it is "intuitive" that the Ninth Circuit would approach this issue by

applying the *Times Mirror Co.* rule governing the public right of access to pre-indictment search warrant materials without recognizing any distinct Fourth Amendment interest held by the target of the search warrant.

Therefore, the Court finds that Petitioner has a qualified Fourth Amendment right to examine the sealed search warrant affidavit underlying the seizure of its property. However, that finding does not end the inquiry. The Government may overcome that right by establishing a compelling governmental interest in maintaining the application under seal.

In its initial opposition to the motion to unseal the warrant application, the Government asserted that if it were required to show a compelling interest, "the fact that the government's investigation is still ongoing can be enough to meet this burden." ECF No. 20 at 20. That general statement is insufficient to meet the Government's burden. *See, e.g.*, *In re Searches & Seizures*, 2008 WL 5411772, at *4 (explaining that "general assertions that unsealing of the supporting affidavits would prematurely reveal [the government's] theory of the case and the direction of the investigation" are "general and conclusory concerns, potentially present in any investigation," and thus insufficient to establish a compelling governmental interest in continued sealing).

Nonetheless, the additional information provided by the Government in its Supplemental Brief is sufficient to establish that it has a compelling interest in maintaining the warrant application in the underlying criminal case under seal, and that providing a redacted version to Petitioner would not adequately protect that interest.

In particular, the Government points to the following risks that would attend disclosure of the sealed warrant application: (1) disclosing the identity or potential identifying information related to the confidential informant that may put the informant at risk or discourage them from continuing to contribute to the ongoing investigation; (2) the risk of people who are not involved in the investigation being targeted/retaliated against if they are wrongfully suspected of being part of the investigation or cooperating with it; (3) disclosing information that could easily be used to identify victims of the alleged fraud,

which may place them in danger of retaliation; (4) the risk of compromising or influencing confidential informants or victims; (5) the risk of compromising international law enforcement efforts, because some of the Government's information-sharing agreements with law enforcement agencies in other countries require the Government to keep all shared information confidential; and (6) the risk of identifying the FBI Special Agent. ECF No. 27 at 4-5. With respect to whether providing a redacted version of the warrant affidavit to Petitioner might adequately serve its compelling interest in keeping the application under seal, the Government argues that so much information would have to be redacted that providing a copy to Petitioner would serve no purpose. *Id.* at 5-6.

      The Court finds that the Government has shown a compelling interest in keeping the application sealed that would not be adequately protected by providing a redacted warrant application. The concerns set forth by the Government in the supplemental brief are not as general and conclusory as its previous argument that the criminal investigation is ongoing, which would be true in any context where the target of investigation is seeking pre-indictment warrant materials, or that its investigation is "not publicly known," which is doubtful given the public notice of the investigation provided by the FBI on Petitioner's seized website. *See* ECF No. 20 at 27. In contrast, the concerns identified by the Government in the supplemental brief are sufficiently specific to establish that disclosure of the warrant application might place the confidential informant, purported victims of the fraud alleged in the affidavit, and other individuals not associated with the investigation but who are mistakenly perceived as cooperating with the investigation, at risk of retaliation or undue influence. These risks might also compromise the ability of witnesses to testify at future proceedings. The Court also finds persuasive the Government's argument that disclosure of the warrant application might jeopardize the Government's information-sharing agreements with international law enforcement agencies. Given the number of redactions that would be required to safeguard against these risks, the Court agrees that the compelling governmental interest in maintaining the warrant application under seal would not be adequately served by requiring the Government to provide a

redacted version of the application. Finally, the more detailed information provided in the Government's Supplemental Brief provides Petitioner additional insight into the factual basis for the undersigned's finding of probable cause in the underlying criminal matter—likely more information than Petitioner would glean from an affidavit with the extensive redactions necessary to protect the Government's compelling interest.

For these reasons, the Court finds that although Petitioner has a qualified Fourth Amendment right to inspect the search warrant application underlying the seizure of its property, the Government has established a compelling interest in maintaining the warrant application under seal sufficient to overcome Petitioner's qualified Fourth Amendment right at this juncture.

However, this finding does not foreclose Petitioner from renewing its motion in the future as circumstances of the ongoing investigation change. Even where, as here, the Court has issued an order sealing a warrant affidavit, the Government "has the obligation to conduct its investigation with diligence, for under any other interpretation the Government, having all of its evidence under seal, might be inclined to delay proceedings, rather than to expedite them." *The Offices of Lakeside Non-Ferrous Metals, Inc.*, 679 F.2d 778, 779-80 (9th Cir. 1982). Therefore, the Ninth Circuit has cautioned that under such circumstances, trial courts should exercise continuing jurisdiction to ensure that the Government's investigation proceeds with diligence and to protect the rights of the target of an investigation, "which become more critical with the passage of time." *Id.* at 780; *see also In re Searches and Seizures*, 2008 WL 5411772, at *5 (applying these principles from *Non-Ferrous Metals* to remind the government of its obligation "to immediately notify the court if its legitimate concerns regarding unsealing of the affidavits are allayed by further investigation" and to find that "counsel for movants are free to renew their motions [to unseal] upon the passage of what they believe to be a suitable period of time if the search warrant affidavits which they seek remain under seal."). Accordingly, the Motion to Unseal Search Warrant Application will be denied without prejudice to refiling given that the continued passage of time and other changed circumstances as the investigation proceeds

may alter the Court's analysis in balancing Petitioner's qualified Fourth Amendment right to inspect the warrant application against the Government's compelling interests in maintaining the application under seal at this stage.

### B. Motion to Unseal Memorandum and Exhibits

By separate motion, Petitioner asks that its Memorandum in Support of the 41(g) Petition currently lodged under seal at ECF No. 5 be unsealed. ECF No. 10.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Other than grand jury transcripts and warrant materials in the midst of a pre-indictment investigation, which are documents that have been "traditionally kept secret," there is a "strong presumption in favor of access" to all other court records. *Kamakana*, 447 F.3d at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Here, the Court agrees with Petitioner that although the Memorandum and the attached exhibits contain numerous references to a sealed criminal case, including a redacted copy of the warrant return from that case at Exhibit A, there is no information revealed therein that requires continued sealing. Although Exhibit A is specifically an example of pre-indictment warrant materials that are "traditionally kept secret" and not subject to the strong presumption in favor of public access, the redactions to Exhibit A are sufficient to protect against the inappropriate public disclosure of information that should be kept secret from the public. *See* ECF No. 5-1. Moreover, the Government has not opposed the Motion to Unseal the Memorandum and does not address that request in its Response to Petitioner's Rule 41(g) Petition. *See generally* ECF No. 20.

Therefore, the Motion to Unseal Memorandum and Exhibits (ECF No. 10) is **GRANTED**, and the Motion to File Documents Under Seal (ECF No. 4) that Petitioner was required to file along with the sealed lodged Memorandum is **DENIED as moot**.

\\

## IV. CONCLUSION

For the reasons explained in this Order, the Court (1) **DENIES** the Motion to Unseal Warrant Application (ECF No. 3) **without prejudice**; (2) **GRANTS** the Motion to Unseal Sealed Lodged Proposed Documents (ECF No. 10); and (3) **DENIES as moot** the Motion to Seal (ECF No. 4). The documents lodged under seal at ECF No. 5 may be filed on the public docket.

Dated: September 10, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge